IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTEN MENDEZ,

                    Plaintiff,

    v.                                                        OPINION AND ORDER

JACK STOLLER and                                              26-cv-449-wmc
DAWN HILL-KEARSE,

                    Defendants.

---

A plaintiff calling herself Kristen Mendez has filed a one-page, pro se complaint against the defendants, alleging in two unadorned sentences that defendant Dawn Hill Kearse "delayed work" and that defendant Jack Stoller "tolerated misconduct." (Dkt. #1.) Plaintiff provides no other details or relevant facts. Because plaintiff is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pleadings filed by pro se litigants are held to a less stringent standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, the complaint and this lawsuit will dismissed with prejudice for the reasons set forth below.

OPINION

To begin, plaintiff's complaint offers no more than "naked assertions devoid of further factual enhancement," and fails to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2006). While courts construe pro se complaints liberally, *see Erickson*, 551 U.S. at

94, pro se plaintiffs still must provide enough facts to support a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although the Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), the court will not grant leave to amend in this case for several reasons.  First, it appears that the defendants are civil court judges in New York City, who are immune from suit, *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005), and plaintiff alleges no facts showing that immunity would not apply.  Second, plaintiff purports to have an address in Kansas City, Missouri, but the envelope has a New York postmark, and there is no hint of a connection between the parties and this district.  Third, a docket search shows that a plaintiff identified as "Kristen Mendez" has filed this same bare-bones complaint in numerous other district courts across the country, signaling that this duplicative action was filed by an abusive litigant.  *See Mendez v. Stoller*, No. 3:26-cv-117, 2026 WL 1334934, at *1 n.1 (N.D. Miss. May 13, 2026) (listing actions with identical complaints filed by Mendez).  Indeed, it appears the complaint is part of a larger trend of malicious filings in the federal courts.  *See Adams v. Jimenez*, No. 9:25-cv-68, 2026 WL 1288272, at *1 (M.D. Fla. Apr. 22, 2026) (noting the "slew of materially similar actions" filed nationally by fictitious plaintiffs of various names, and which appear to have been instigated by an individual named Feifei Gu).

The court has inherent authority to manage its docket and protect its finite resources.  *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) ("Every paper filed . . . no matter how repetitive or frivolous, requires some portion of the institution's limited

resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)).  The court has broad discretion to exercise this authority by dismissing a case and/or restricting future filings by an abusive litigant whose allegations are fraudulent. *Thompson v. Taylor*, 473 F. App'x 507, 509, 2012 WL 1035718, at *2  (7th Cir. March 29, 2012) (citing *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011)).  Because the complaint was plainly filed for the improper purpose of harassing the defendants while wasting scarce judicial resources, this action will be dismissed with prejudice as duplicative and malicious. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (A "malicious" case is one that is "intended to harass."); *see also Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed" as malicious under 28 U.S.C. § 1915.); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff.").

ORDER

IT IS ORDERED that:

1) This action is DISMISSED with prejudice as duplicative and malicious.

2) All pending motions are DENIED.

3) The court certifies that any appeal from this order is not taken in good faith, 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

4) Pursuant to the procedure set forth in *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995), the clerk of court to return unfiled any similar new civil action that "Kristen Mendez" might file.

Entered the 20th day of May, 2026.

BY THE COURT

/s/

_____

WILLIAM M. CONLEY
District Judge